A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANYAELLIS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
February 6, 2023

Filed date: 2/3/2023
Presiding Judge: Sara L. Ellis
Magistrate Judge: Maria Valdez
Lead Case No. 23-cv-669
TD

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BEYOND MEAT, INC., PROTEIN CONTENT
MARKETING AND SALES PRACTICES LITIGATION

MDL No. 3059

FILED
CLERK
2/6/2023 1:38 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**TRANSFER ORDER**

**Before the Panel**:* Defendant Beyond Meat, Inc., moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, in the Eastern District of New York. This litigation consists of five actions pending in four districts, as listed on Schedule A. In addition, the parties have informed the Panel of a related action pending in the Southern District of Texas.[1] Plaintiffs in four of the actions responded to the motion. All support centralization in the Northern District of Illinois. Alternatively, plaintiffs suggest the Southern District of New York as the transferee district.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Beyond Meat, which markets and sells plant-based meat substitutes, (1) miscalculates and overstates its products' protein content; (2) miscalculates and overstates the quality of the products' protein, which is represented as a percentage of daily value; and (3) misleads consumers into believing that the products provide the same nutritional benefits as traditional meat products.[2]

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] This and any other related actions are potential tag-along actions. See Panel Rules 1.1(h), 7.1, and 7.2.

[2] The products identified in the complaints on the motion include, but are not limited to: (1) Beyond Meat Sausage Plant-Based Dinner Links Hot Italian 14 oz; (2) Beyond Meat Beyond Sausage Plant-Based Dinner Sausage Links Brat Original 14 oz; (3) Beyond Meat Beyond Beef Plant-Based 16 oz Patties; (4) Beyond Meat Beyond Beef Plant-Based Ground Beef; (5) Beyond Meat Beyond Breakfast Sausage Plant-Based Breakfast Patties Classic 7.4 oz; (6) Beyond Meat Beyond Breakfast Sausage Plant-Based Breakfast Patties Spicy 7.4 oz; (7) Beyond Meat Beyond Chicken Plant-Based Breaded Tenders Classic 8 oz; (8) Beyond Meat Beyond Meatballs Italian Style Plant-Based Meatballs 12 count Classic 10 oz; and (9) Beyond Meat Beyond Breakfast Sausage Plant-Based Breakfast Links Classic 8.3 oz.

- 2 -

These actions thus will entail common discovery regarding the protein in the products as well as Beyond Meat's advertising and labeling practices. All the actions are putative consumer class actions asserting substantially similar claims for violations of state consumer protection statutes, breach of warranties, and unjust enrichment. The putative nationwide and state classes overlap to a large extent. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of Illinois is an appropriate transferee district for this litigation. All parties support centralization in this district, which presents an accessible and geographically central venue for this litigation. Two of the actions on the motion, including the first-filed action, are pending in the Northern District of Illinois. We assign this action to the Honorable Sara L. Ellis, who we are confident will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Sara L. Ellis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BEYOND MEAT, INC., PROTEIN CONTENT
MARKETING AND SALES PRACTICES LITIGATION**   MDL No. 3059

### SCHEDULE A

<u>Northern District of Illinois</u>

ROBERTS, ET AL. v. BEYOND MEAT, INC., C.A. No. 1:22−02861
BOROVOY v. BEYOND MEAT, INC., C.A. No. 1:22−06302

<u>Southern District of Iowa</u>

GARCIA, ET AL. v. BEYOND MEAT, INC., C.A. No. 4:22−00297 - 1:23-cv-00677

<u>Eastern District of New York</u>

CASCIO v. BEYOND MEAT, INC., C.A. No. 2:22−04018  - 1:23-cv-00678

<u>Southern District of New York</u>

MILLER v. BEYOND MEAT, INC., C.A. No. 1:22−06336 -1:23-cv-00679